IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEI PEI<br>665 Tranquil Rim Ct.<br>Henderson, NV 89012<br><br>CHENFANG WANG<br>665 Tranquil Rim Ct.<br>Henderson, NV 89012<br><br>WEWARDS INC.<br>2690 W. Sahara Ave.<br>Las Vegas, Nevada 89102, and<br><br>UNITED POWER, INC.<br>2690 W. Sahara Ave.<br>Las Vegas, Nevada 89102<br>                                 Plaintiffs,<br><br>      v.<br><br>INTERNAL REVENUE SERVICE,<br>1111 Constitution Ave., NW<br>Washington D.C. 20224<br>                                 Defendant. | Civil Action No. 1:25-cv-2298<br><br>Case: _____<br>Assigned To: _____<br>Assign. Date: _____<br>Description: Civil Misc. |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. Lei Pei ("Pei"), Chenfang Wang ("Wang"), Wewards Inc. ("Wewards"), and United Power, Inc. ("United") (collectively, "Plaintiffs") bring this action against the Internal Revenue Service (the "IRS") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this case pursuant go 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552 (a)(4)(B).

**THE PARTIES**

4. Pei and Wang were not United States citizens, but during the relevant audited time periods, they were considered United States residents pursuant to the substantial presence test promulgated by the IRS.

5. Wewards is a corporation with a principal place of business in Las Vegas, Nevada.

6. United was a corporation with a principal place of business in Las Vegas, Nevada. United dissolved on November 6, 2020.

7. The IRS is an agency of the United States government within the meaning of 5 U.S.C. § 552 (f)(1), headquartered in Washington, D.C., which has possession and control over the records that the Plaintiffs seek under FOIA.

**LEGAL FRAMEWORK**

8. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. §552(a)(3)(A).

9. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (20) (excluding Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request.  5 U.S.C. § 552(a)(6)(A)(I).

10. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (20) (excluding Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request.  5 U.S.C. § 552(a)(6)(A)(ii).

11. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii).

12. FOIA also provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

13. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C.§552(a)(4)(B).  This burden extends to when an agency withholds records based on a FOIA exemption. *See Fed. Open Mkt. Comm. of the Fed. Rsrv. Sys. v. Merrill*, 443 U.S. 340, 352 (1979); *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008).

14. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

**STATEMENT OF FACTS**

15. Since 2020, the IRS has conducted two simultaneous and ongoing audits into Plaintiffs' tax filings and their compliance with the Foreign Bank Account Report requirements.

16. The first audit examines the individuals or entities' compliance with federal income tax obligations under Title 26. The IRS is auditing Pei for tax years 2017 through 2020 and Wang for tax years 2016 through 2020. Wewards and United are also under audit for tax years 2018 through 2020. To date, the examinations have resulted in no adverse findings.

17. The second audit concerns Foreign Bank Account Report ("FBAR") compliance under Title 31. Both Pei and Wang are being audited for calendar years 2017 through 2020.

18. In connection with these audits, the IRS has issued numerous third-party summonses and tax treaty requests seeking records and testimony related to Plaintiffs from financial institutions, tax return preparers and others unknown to the power of attorney or Plaintiffs.

19. After years of being audited by the IRS, one of the Plaintiffs' representatives, The Black Raven Advisory Group LLC ("BRAG"), submitted its first set of FOIA requests, comprising four separate requests on behalf of each individual Plaintiff.

20. After not receiving a substantive response from the IRS and also due to the passage of time, in January 2024, BRAG submitted a second set of FOIA requests comprising only two requests on behalf of Pei and Wang, respectively.

21. Plaintiffs seek the production of documents and records improperly withheld by the IRS in response to these FOIA requests properly made by BRAG in June 2022 and January 2024 as it pertains to the IRS's audit(s) of Plaintiffs.

## FACTUAL BACKGROUND

I.     **PEI'S JUNE 2022 FOIA REQUESTS**

22.    On June 8, 2022, BRAG prepared and submitted FOIA request on behalf of Pei (the "Pei June 2022 Request") (Ex. A), which relates to the IRS audit files and examination of Pei's tax compliance for the tax years 2017-2020.

23.    The IRS confirmed it received Pei's Request on June 14, 2022, and noted a deadline of July 11, 2022, to respond to the request.

24.    In unusual circumstances, the agency can take ten (10) additional working days to respond. *See Brown v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-3669-RCL, 2024 WL 4253121, at *3 (D.D.C. Sept. 20, 2024); referencing 5 U.S.C. § 552(a)(4)(A)(viii)(II). That was not the case here. Almost immediately, the IRS began seeking extensions beyond its statutorily allotted period.

25.    On July 11, 2022, the IRS sent a letter seeking a thirty-day (30) extension of the deadline, citing a "need [for] additional time to secure and review the records."

26.    For the next two and a half years, the IRS sought monthly and sometimes quarterly extensions. Then on April 2025, the IRS produced a set of records related to Pei's June 2022 Request. The IRS, however, relied on FOIA exemptions to broadly redact significant portions of the production. (the "Production Letter,") (Ex. B).

27.    On April 11, 2025, Pei timely filed an administrative appeal challenging the IRS's improper use of objections.

28.    On April 30, 2025, the IRS denied Pei's appeal without providing any substantive justification for its withholdings. (the "Appeal Denial Letter") (Ex. C). In its response, the IRS merely stated that it has reviewed the use of exemptions and deemed them appropriate but failed to articulate any specific basis for the application of each exemption to the withheld records. The IRS did not identify which exemptions applied to which records,

nor did the IRS explain how disclosure of the withheld information would harm any interest protected by the cited exemptions.

29. Because the IRS has withheld records by invoking broad and conclusory exemptions, Plaintiff now seeks independent judicial review of the agency's use of those exemptions pursuant to 5 U.S.C. § 552(a)(4)(B). Pei respectfully requests that the Court conduct a de novo review of the IRS's withholdings, requires the IRS to justify the application of each exemption to the specific records withheld, and order the release of any records or portions thereof where the Court finds that exemptions were improperly or over broadly applied. Plaintiff further requests that the Court ensure the release of all reasonably segregable nonexempt information, as mandated by FOIA

30. Pei is also entitled to reasonable attorney's fees and costs of maintain this action pursuant to 5 U.S.C. § 552(a)(4)(E).

## II.     OTHER JUNE 2022 FOIA REQUESTS

31. In addition to Pei's June 2022 FOIA Request, BRAG also prepared and submitted an additional three FOIA Requests in June 2022.

32. On June 8, 2022, BRAG transmitted a FOIA request on behalf of Wang (the "Wang June 2022 Request,") (Ex. D), seeking records related to the IRS's audit files and examination of Wang's tax years 2016 through 2020.

33. On June 14, 2022, BRAG submitted a FOIA request on behalf of Wewards (the "Wewards June 2022 Request,") (Ex. E). The Wewards Request differed from Wang and Pei's June 2022 Requests in that it sought records related to the IRS's audit of a business, instead of an individual taxpayer.

34. On June 27, 2022, BRAG transmitted a FOIA request on behalf of United (the United June 2022 Request,") (Ex. F). Similar to the Wewards June 2022 Request, the United request sought records related to the IRS ongoing audit of its business.

35. The IRS confirmed receipt of each of these requests prior to August 2022.

36. Like Pei's June 2022 Request, the IRS sought additional time to search for, collect, and review records requested in the FOIA requests.

37. As of the date of this Complaint, the IRS has not disclosed any of the documents and records associated with these three requests.

38. The 20 business-day statutory deadline for the IRS to respond to the other June 2022 Requests expired years ago.

39. Because the IRS failed to comply with FOIA time limit provisions, Wang, Wewards, and United have exhausted her administrative remedies in accordance with 5 U.S.C § 552(a)(6)(C)(i).

40. Wang, Wewards, and United are entitled to reasonable attorney's fees and costs of maintain this action pursuant to 5 U.S.C. § 552(a)(4)(E).

III. **JANUARY 2024 FOIA REQUESTS**

41. After not receiving a substantive response from the IRS, and also due to the passage of time, in January 2024, BRAG submitted a second set of FOIA requests comprising two requests on behalf of Pei and Wang, respectively.

42. On January 12, 2024, BRAG transmitted two separate FOIA requests. The first was on behalf of Wang (the "Wang's January 2024 Request,") (Ex. G), and the second on behalf of Pei (the "Pei January 2024 Request,") (Ex. H) (collectively, the "January 2024 Requests.")

43. The January 2024 Requests expand the scope of previous requests by seeking additional records that are ordinarily kept by the IRS as part of an audit examination.

44. In two separate letters dated January 24, 2024, the IRS acknowledged receiving the January 2024 Requests respectively. The letter also acknowledged its estimated date of completion for the requests as February 15, 2024.

7

45. Like the previous FOIA requests in 2022, the IRS sought additional time to search for, collect, and review records.

46. On July 2, 2025, the IRS contacted Plaintiffs to inquire whether they still sought records related to their outstanding FOIA requests, particularly Wang's FOIA requests. Plaintiffs confirmed that they are seeking records related to all of the outstanding FOIA requests, which remain overdue for response from the IRS.

47. As of the date of this Complaint, the IRS has not disclosed any of the documents and records associated with Wang's January 2024 Request.

48. The statutory deadline for the IRS to Wang's January 2024 Request is within the 20 business-day statutory response period under the FOIA expired years ago.

49. As a result of the IRS' failure to comply with FOIA time limit provisions, Wang has exhausted her administrative remedies in accordance with 5 U.S.C § 552(a)(6)(C)(i).

50. Wang is entitled to reasonable attorney's fees and costs of maintain this action pursuant to 5 U.S.C. § 552(a)(4)(E).

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Improperly Withholding Agency Records

51. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

52. Plaintiffs have a legal right under the FOIA to obtain agency records described in their FOIA requests.

53. No legal basis exists for the IRS' failure to adequately search for and promptly disclose responsive agency records in accordance with requirements set forth in the FOIA.

54. The IRS's failure to make reasonable efforts to search for responsive agency records, and its wrongful withholding of agency records sought in connection with Plaintiffs' FOIA requests, violates FOIA.

55. The IRS' wrongful withholding of agency records sought in connection with Plaintiffs' requests violates FOIA.

56. Plaintiffs are being irreparably harmed by reason of IRS's unlawful withholding of the requested agency information; and Plaintiffs will continue to be irreparably harmed unless the IRS is compelled by the Court pursuant to 5 U.S.C. § 552(a)(4)(B) to conform their conduct to the requirements of FOIA.

57. Plaintiffs have exhausted all of their administrative remedies.

## SECOND CAUSE OF ACTION
**Failure To Make A Determination And Promptly Produce Responsive Documents**

58. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

59. The IRS is obligated under 5 U.S.C. § 552(a)(6)(A)(i) to make a determination on Plaintiffs' FOIA Request within twenty (20) business days. In unusual circumstances, the IRS may invoke an extension no longer than ten (10) days. 5 U.S.C. § 552(a)(6)(B)(i).

60. The IRS failed to make a determination within thirty (30) days, the maximum amount of time permitted under the statute.

61. The IRS is obligated to produce responsive records promptly under 5 U.S.C. § 552(a)(3)(A)(i). The IRS has failed to promptly produce responsive records.

62. The IRS's failure to make a determination within the statutory time frame and produce responsive records promptly violates 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), and (a)(6)(B)(i).

63. The IRS exceeded the legal response time of twenty (20) days in 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(B).

## THIRD CAUSE OF ACTION
### Failure To Conduct An Adequate Search For Responsive Records

64. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

65. The IRS has custody and control over the records Plaintiffs seek through their FOIA requests.

66. The IRS bears the burden of proving beyond material doubt that it performed an adequate search for responsive records.

67. The IRS is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiffs' FOIA requests.  The IRS has failed to conduct such a search.

68. The IRS possesses the records Plaintiffs seek and Plaintiffs have a legal right to obtain such records.  No legal basis exists for the IRS' failure to search for them.

69. The IRS's failure to conduct a reasonable search for records responsive to Plaintiffs' requests violates 5 U.S.C. § 552(a)(3).

## FOURTH CAUSE OF ACTION
### Request For Attorney Fees

70. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

71. Plaintiffs contend that the IRS should be required to pay for Plaintiff's attorney fees and related cost in accordance with the FOIA for all violations under the FOIA, for having to bring this suit and any related matters.

72. Plaintiffs seeks an award of its attorney's fees, costs and expenses under FOIA, 5 U.S.C. § 552(a)(4)(E). *See Gahagan v. U.S. Citizenship and Immigration Services*, 2016 WL 1110229 (E.D. La. 2016) (Brown, J.); *Hernandez v. U.S. Customs and Border Protection Agency*, 2012 WL 398328 (E.D. La. 2012) (Barbier, J.).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs respectfully requests that this Court:

A.  Declare that the IRS's failure to disclose the records requested by the Plaintiff's is unlawful;

B.  Enjoin the IRS from withholding and order the IRS to disclose the requested records to the Plaintiffs, in accordance with 5 U.S.C. § 552(a)(4)(B);

C.  Conduct an in-camera review of Pei's June 2022 Request production to determine whether the exemptions are justified;

D.  Award Plaintiffs costs and reasonable attorney fees, in accordance with 5 U.S.C. § 552(a)(4)(E); and

E.  Grant such other and further relief as the Courts deems just and proper.

Dated: July 17, 2025         **NIXON PEABODY LLP**

By:   /s/ Mark D. Lytle
Mark D. Lytle (D.C. Bar No. 1765392)
Robert J. McManigal (D.C. Bar No. *pro hac* forthcoming)
799 9th Street NW, Suite 500
Washington, DC 20001
Phone: (202) 585-8000
Fax: (907) 331-4726
Email: mlytle@nixonpeabody.com

*Attorneys for Plaintiffs*
*Lei Pei, Chenfang Wang, Wewards Inc., and*
*United Power, Inc.*